Case 2:21-cv-00004-AM Document 1 Filed 02/12/21 Page 1 of 6

**FILED**
February 12, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____LS_____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

| | | |
|---|---|---|
| **RICARDO GARCIA** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **2:21-CV-0004-AM-CW** |
| **REYES BERMEA,** | § | **JURY TRIAL DEMANDED** |
| **MARTIN CANTU** | § | |
| **and** | § | |
| **CRISTIAN CASPIRINO** | § | |
| *Defendants* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, RICARDO GARCIA, Plaintiff, complaining of Defendants REYES BERMEA, MARTIN CANTU & CRISTIAN CASPIRINO and for cause of action will respectfully show unto the Court as follows:

### I. Parties

1. Plaintiff Ricardo Garcia is a construction worker that works on new and distressed homes and a resident of Eagle Pass, Maverick County Texas.

2. Defendant Reyes Bermea is an individual residing in Maverick County, Texas and at the time of this incident, employed by said County as a Sheriffs' Deputy.

3. Defendant Martin Cantu is an individual residing in Maverick County, Texas and at the time of this incident, employed by said County as a Sheriffs' Deputy.

4. Defendant Cristian Caspirino is an individual residing in Maverick County Texas and at the time of this incident employed by said County as a Sheriffs' deputy.

## II. Jurisdiction and Venue

5. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983. Any state law claims are brought pursuant to 28 U.S.C. §1367 and are subject to this court's supplemental jurisdiction. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 because Defendant is domiciled and/or resides in the Western District of Texas, and all or a substantial part of the cause of action accrued in the Western District.

## III. Facts and Allegations

6. On around 7 am the morning of February 13, 2019 Plaintiff Garcia was in his vehicle, within the private property, in the driveway, of the house they were to work on, awaiting the rest of the crew of workers to arrive to work.

7. While waiting, two Maverick County Sheriff Deputy squad vehicles pulled in blocking plaintiff's vehicle from behind.

8. Plaintiff was then approached by defendant Maverick County deputy Reyes Bermea & defendant Maverick County deputy Cristian Caspirino from plaintiff passenger side of his work truck.

9. Deputy defendant Reyes Bermea intended to make conversation with Plaintiff.

10. Plaintiff Garcia was planning the day ahead and had other things to do, wanted no part of the encounter and declined to answer any question.

11. Deputy defendant Reyes Bermea requested plaintiff's driver's license to whish plaintiff decline to produce.

12. Deputy defendant Reyes Bermea inquired why plaintiff would not produce his driver's license, plaintiff Garcia response was "because he didn't need to".

13. Deputy Reyes Bermea responded to plaintiff that he was right, he did not need to.

14. Deputy defendant Cristian Caspirino came around the driver side of the truck and open the door to the truck.

15. Plaintiff Garcia loudly expressed he wanted to continue to exercise his rights.

16. Deputy defendant Cristian Caspirino without legal basis demanded a driver's license, plaintiff Garcia exercising his rights refused to comply.

17. Deputy defendant Cristian Caspirino then grabbed plaintiff Garcia arm and started to pull plaintiff out his truck.

18. Plaintiff Garcia refused to comply with the illegal detention.

19. Deputy defendant Cristian Caspirino unlawfully then grabbed plaintiff by his work jacket, then yanked plaintiff out his truck, twisting and injuring plaintiff shoulders.

20. Deputy defendant Reyes Bermea then came around and help Deputy Defendant Cristian Caspirino pin plaintiff on the ground while Deputy defendant Cristian Caspirino threaten and reaching for his pepper spray.

21. Defendant deputy Reyes Bermea by holding, seized plaintiff while painfully twisting plaintiff arm.

22. Plaintiff Garcia had not committed nor was suspected of any crime.

23. Plaintiff Garcia was handcuffed and placed in the backseat of a squad vehicle.

24. Plaintiff Garcia was unlawfully held handcuffed in the back of a squad vehicle for a longtime until rank could arrived.

25. The ranking officer that arrived was defendant Martin Cantu.

26. Defendant Martin Cantu ordered plaintiff Garcia be taken to jail without probable cause.

27. Defendant Martin Cantu and defendant Reyes Bermea unlawfully started to search plaintiff Garcia work truck, as plaintiff is being transported to jail.

28. Plaintiff Garcia was transported to jail, for resisting arrest, failure to identify and DWI, a forth charge was later added after the illegal arrest and search of plaintiff work truck.

29. Plaintiff Garcia was deprived of his liberty interest, transported to the Maverick County jail where he was processed and confined to jail.

30. Defendant Martin Cantu and the rest of the defendants' submitted reports and sworn affidavits establishing untrue probable cause for the arrest.

31. Plaintiff Garcia had not committed any crime and was arrested without probable cause.

## IV. Cause of Action

**A. Violation of 42 U.S.C. § 1983 Et. Seq., Fourth Amendment to the United States Constitution**

**I. Illegal Detention & False Arrest**

32. Plaintiff re-alleges and restates all of paragraphs 6 through 31 of this Complaint and incorporates each of said paragraphs herein by reference. Plaintiff established the law and his Rights. The Defendant had actual notice of the injuries suffered by Plaintiff.

33. Acting under the color of law, Defendants have deprived Plaintiff of the rights and privileges secured to him by the Fourth Amendment to the United States Constitution and by other laws of Texas and the United States to be free from illegal detention and false arrest. Defendants detained, demanded identification, and arrested Plaintiff without reasonable suspicion and without probable cause. By their actions as described above, Defendants have violated 42 U.S.C. § 1983 and the constitutional provisions cited therein.

34. As a professional licensed law enforcement officers, Defendants should have known that the Plaintiff had not committed a criminal offense that would warrant a stop, detention, and demand for identification. No reasonable law enforcement officer would have believed probable cause existed to make an arrest or to physically restrain or handcuff Plaintiff. No reasonable law enforcement officer would have believe probable cause existed under these circumstance to make as arrest for failure to identify.

## V. Damages

33. As a direct and proximate result of the occurrence made bases of this lawsuit, Plaintiff was forced to suffer:

    a. Loss of Liberty;

    b. Emotional distress, torment and mental anguish;

    c. Pecuniary loss associated with Plaintiff's arrest and criminal charges.

34. Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff seeks to recover, and hereby request the award of exemplary damages, reasonable attorney's fees should any incur in the future, bond and costs of court.

## VI. Jury Request

35. Plaintiff respectfully request a jury trial.

## VII. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant, for amount in excess of jurisdictional minimum of this court. Plaintiff further prays for all other relief, both legal and equitable, to which they may show themselves justly entitled.

Respectfully submitted,
 /s/ Ricardo Garcia
    Ricardo Garcia
RICARDO GARCIA
299 Karen DR.
Eagle Pass, TX 78852
(830) 352-2811
Mr.kool.kat1@gmail.com
Self-representing
